# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| CHRISTOPHER FOSTER, | : | Case No. 2:23-cv-433 |
| Petitioner, | : | |
| vs. | : | Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Karen L. Litkovitz |
| STATE, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS

This habeas corpus case was opened on the Court's docket on January 26, 2023. (*See* Doc. 1). Petitioner initially submitted the originating document, entitled "Motion to File Emergency Writ," in a separate civil case he is pursuing in this Court. *See Foster v. Ohio D.R.C., et al.*, No. 2:22-cv-2153 (S.D. Ohio) (Doc. 19 therein). The Clerk of Court then opened this habeas corpus case with the originating document. The cases are proceeding separately.

On January 27, 2023, this Court ordered Petitioner to address some preliminary issues in the case. (Deficiency Order, Doc. 2). First, Petitioner was ordered to either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* on the appropriate form. (*Id*., PageID 17). Second, he was ordered

> to submit to the Court an Amended Petition, using the appropriate standard form, setting out his grounds for relief and the other required information. The Amended Petition must name a proper respondent over which this Court would have jurisdiction and upon which this Court could order service. The Amended Petition must be submitted **WITHIN THIRTY DAYS** of the date of this Deficiency Order. . . . Petitioner is **ADVISED** that failure to comply with this Deficiency Order will result in the dismissal of this action for want of prosecution.

(Doc. 2, PageID 19). The Court sent Petitioner blank copies of the forms he might need.

Petitioner did not comply with the Deficiency Order. He instead submitted two documents: a "Motion for the Court Fees" (Doc. 3) and an "Emergency Writ of Habeas Corpus" (Doc. 4). Neither filing satisfied the Deficiency Order. However, the Court gave Petitioner an additional opportunity to comply, as it was not clear whether these documents were submitted prior to, or in response to, the Deficiency Order. (*See* Second Deficiency Order, Doc. 5). This Court said:

> The Motion for the Court Fees is not an application to proceed *in forma pauperis*. (Doc. 3). It not on the appropriate form used in this Court and does not contain any information about Petitioner's financial status. (*Id*.). Instead, the motion asserts that the State of Ohio has received federal funding of $5.4 billion dollars. (*Id*.). Petitioner then asks this Court to direct the State to deduct the filing fee from his prison account under 28 C.F.R. § 35.152(A). (*Id*.). However, this regulation does not authorize the requested relief.[1]
>
> In addition, the "Emergency Writ of Habeas Corpus" filed by Petitioner is not on the appropriate standard form for a Petition under 28 U.S.C. §§ 2241 or 2254 as the Court ordered. (Doc. 4). It does not name a proper respondent and does not contain all the required information. (*Id*.; *see* Doc. 2). The Undersigned notes that this filing does not appear to describe any emergency situation. (*Id*.).
>
> Because it is not clear whether Petitioner was responding to this Court's Deficiency Order with these two filings, the Court will give Petitioner another opportunity to comply. Petitioner is again **ORDERED** to either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* on the appropriate form, and to submit an Amended Petition, using the appropriate standard form, setting out his grounds for relief and the other required information. (*See* Doc. 2). The Amended Petition must name a proper respondent over which this Court would have jurisdiction and upon which this Court could order service. The filing fee or *in forma pauperis* application and Amended Petition must be submitted **WITHIN THIRTY DAYS** of the date of this Second Deficiency Order.

---

[1] This footnote said:

> The cited regulation states: "(a) General. This section applies to public entities that are responsible for the operation or management of adult and juvenile justice jails, detention and correctional facilities, and community correctional facilities, either directly or through contractual, licensing, or other arrangements with public or private entities, in whole or in part, including private correctional facilities." 28 C.F.R. § 35.152(a). Subdivision (b) says that discrimination is prohibited. The regulation does not mention inmate accounts.

(Doc. 5, PageID 37).

>Petitioner is advised that failure to comply with this order will result in the dismissal of this action for want of prosecution.

(Second Deficiency Order, Doc. 5, PageID 36-37 (issued Feb. 9, 2023)).

Petitioner did not comply with the Second Deficiency Order. He has not paid the $5.00 filing fee or submitted an appropriate *in forma pauperis* application. He also has not submitted an Amended Petition on the appropriate standard form as anticipated by Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules")[2] and as ordered by this Court.

Petitioner instead filed two other documents. First, he filed a document entitled "Affidavit of Federal Status," in which he asserts that he is a "United States prisoner and Federal employment applicant, held in a state prison," rather than a state prisoner.[3] (Doc. 7, PageID 48, 45). Second, he filed a document entitled "Intimidated to Dismiss the Action," in which he appears to request that the Court dismiss this case. (Doc. 6). He alleges that the cashier of the institution at which he is confined threatened him after receiving a copy of the Second Deficiency Order. (Doc. 6, PageID 39, 41; *see also* Second Deficiency Order, Doc. 5, PageID 38 (directing the Clerk of Court to send a copy of the order to the cashier, as is the Court's

---

[2] Rule 2 of the Habeas Rules provides, in relevant part:
>**(c) Form.** The petition must:
>>(1) specify all the grounds for relief available to the petitioner;
>>(2) state the facts supporting each ground;
>>(3) state the relief requested;
>>(4) be printed, typewritten, or legibly handwritten; and
>>(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.
>
>**(d) Standard Form.** The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge.

Rule 2, Habeas Rules.

[3] *Compare* "Offender Details," Ohio Department of Rehabilitation and Correction website, available at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A665579 (accessed Mar. 23, 2023) (reflecting that Petitioner is in custody pursuant to a judgment of a Hamilton County, Ohio, court).

practice to assist petitioners who may be having difficulty obtaining the signed Certificate page of the *in forma pauperis* application)).

Petitioner's response to the Second Deficiency Order was due by March 13, 2023. To date, he has not complied. He has, however, requested in his separate civil action that the Court start a new habeas corpus action for him because he was "forced" to dismiss this one. *See Foster v. Ohio D.R.C., et al.*, No. 2:22-cv-2153 (S.D. Ohio) (Doc. 27, 30 (denying request) therein). Petitioner has also himself instituted a new habeas corpus action. *See Foster v. Henderson*, No. 2:23-cv-947 (S.D. Ohio).

These filings aside, Petitioner has not taken the steps required to proceed in *this* habeas corpus case. Without the filing fee or an application to proceed *in forma pauperis*, the case cannot proceed. *See Simons v. Washington*, 996 F.3d 350, 352 (6th Cir. 2021) (citing 28 U.S.C. § 1914(a)) ("A litigant who files a lawsuit in federal court generally must pay a filing fee. Insolvent litigants, including prisoners, may request permission to proceed without initially paying a filing fee, a benefit that comes with *in forma pauperis* status.") Without a proper Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, the Court is unable conduct the required preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Habeas Rules.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th

4

Cir. 1999) (internal citations omitted). Failure of a party to comply with an order of the Court warrants invocation of this inherent power. *See* Fed. R. Civ. P. 41(b) (applicable here under Rule 1(b) and Rule 12, Habeas Rules ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")). Here, Petitioner was twice warned that his case would be dismissed if he did not comply with the Court's orders. (Doc. 2, PageID 19; Doc. 5, PageID 37). He failed to do so.

Accordingly, the Undersigned **RECOMMENDS** that this Court **DISMISS** this action without prejudice for want of prosecution. *See Gravitt v. Tyszkiewicz,* 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of petitioner's habeas corpus matter for want of prosecution, where a "deficiency order clearly stated the documentation that must be submitted in order to apply to proceed *in forma pauperis*" and "expressly warned [petitioner] that failure to comply with the order would result in the dismissal of his case for want of prosecution"); *Allen v. King*, No. 2:21-cv-10908, 2021 WL 5499243 (E.D. Mich. Nov. 22, 2021) (dismissing habeas matter for failure to comply with the court's order to file a proper habeas petition); *Smith v. Covington*, No. 5:10-cv-336, 2011 WL 4005341, at *1 (E.D. Ky. Mar. 14, 2011), *report and recommendation adopted*, 2011 WL 4005337 (E.D. Ky. Sept. 8, 2011) (dismissing habeas matter where the initial filing "did not comply with Rule 2 of the Rules Governing Habeas Corpus Cases Under Section 2254 because the submission did not substantially conform to the standard form" and "did not provide the relevant information regarding the underlying conviction, which was required to ensure that the Petition was properly before the Court" and "it cannot be determined whether Petitioner exhausted all state remedies, which is required before federal habeas review occurs," and the petitioner failed to correct the issue).

The Undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether Petitioner has failed to prosecute his case where he failed to comply with the Court's two deficiency orders. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

March 23, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE