UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER FOSTER,**

      **Petitioner,**　　　　　　**Case No. 2:23-cv-433**
　　　　　　　　　　　　　　　　　　**JUDGE EDMUND A. SARGUS, JR.**
  v.　　　　　　　　　　　　　　**Magistrate Judge Kaern L. Litkovitz**

**STATE OF OHIO,**

      **Respondent.**

**OPINION AND ORDER**

This matter is before the Court on the Petitioner's Objection (ECF No. 9) to the Report and Recommendation issued by the Magistrate Judge (ECF No. 8), which recommended that this case be dismissed without prejudice for failure to prosecute. For the reasons that follow, the Court **OVERRULES** Petitioner's Objection, **ADOPTS** the Report and Recommendation, and **DISMISSES** without prejudice this action for failure to prosecute.

**I.**

Christopher Foster, a state prisoner proceeding without the assistance of counsel, submitted a request to file an emergency habeas corpus petition. Petitioner initially submitted the originating document, entitled "Motion to File Emergency Writ," in a separate civil case he is pursuing in this Court. *See Foster v. Ohio D.R.C., et al.*, No. 2:22-cv-2153 (S.D. Ohio) (ECF No. 19 therein). The Clerk of Court then opened this habeas corpus case with the originating document. The cases are proceeding separately.

On January 27, 2023, this Court ordered Petitioner to address some preliminary issues in the case. (Deficiency Order, ECF No. 2). First, Petitioner was ordered to either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* on the appropriate form. (*Id.*,

PageID 17).  Second, Petitioner was ordered to submit an amended petition, given direction on how to do submit the amended petition, provided blank copies of the forms he might need, and advised that failure to do so will result in dismissal for want of prosecution.  (*Id*., PageID 19.)

Petitioner did not comply with the Deficiency Order.  Petitioner instead submitted two documents: a "Motion for the Court Fees" (ECF No. 3) and an "Emergency Writ of Habeas Corpus" (ECF No. 4). Neither filing satisfied the Deficiency Order.  Nevertheless, the Court gave Petitioner an additional opportunity to comply, as it was not clear whether these documents were submitted prior to, or in response to, the Deficiency Order.  (*See* Second Deficiency Order, ECF No. 5).  In that order, he was again warned that failure to comply with the Second Deficiency Order would result in dismissal for want of prosecution.

Petitioner did not comply with the Second Deficiency Order.  He has not paid the $5.00 filing fee or submitted an appropriate *in forma pauperis* application.  Additionally, Petitioner has not submitted an Amended Petition on the appropriate standard form as anticipated by Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules") and as ordered by this Court.

Petitioner instead filed two other documents.  First, he filed a document entitled "Affidavit of Federal Status," in which he asserts that he is a "United States prisoner and Federal employment applicant, held in a state prison," rather than a state prisoner.  (ECF No. 7, PageID 48, 45).  He filed a second document entitled "Intimidated to Dismiss the Action," in which he appears to request that the Court dismiss this case.  (ECF No. 6).  Petitioner alleges that the cashier of the institution at which he is confined threatened him after receiving a copy of the Second Deficiency Order.  (ECF No. 6, PageID 39, 41.)

Petitioner has requested in his separate civil action that the Court start a new habeas corpus action for him because he was "forced" to dismiss this one. *See Foster v. Ohio D.R.C., et al.*, No. 2:22-cv-2153 (S.D. Ohio) (ECF Nos. 27, 30 (denying request). Petitioner has also himself instituted a new habeas corpus action. *See Foster v. Henderson*, No. 2:23-cv-947 (S.D. Ohio).

Petitioner has not taken the steps required to proceed in *this* habeas corpus case. Without the filing fee or an application to proceed *in forma pauperis*, the case cannot proceed. *Simons v. Washington*, 996 F.3d 350, 352 (6th Cir. 2021) (citing 28 U.S.C. § 1914(a)) ("A litigant who files a lawsuit in federal court generally must pay a filing fee. Insolvent litigants, including prisoners, may request permission to proceed without initially paying a filing fee, a benefit that comes with *in forma pauperis* status."). Without a proper Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, the Court is unable conduct the required preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Habeas Rules.

Because Petitioner failed to comply with the Court's orders, the Magistrate Judge recommended dismissing without prejudice this case for want of prosecution.

## II.

The Magistrate Judge's well-reasoned Report and Recommendation explained that "[d]istrict courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th

Cir. 1999) (internal citations omitted).  Failure of a party to comply with an order of the Court warrants invocation of this inherent power.  Fed. R. Civ. P. 41(b) (applicable here under Rule 1(b) and Rule 12, Habeas Rules ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")).

Petitioner was twice warned that his case would be dismissed if he did not comply with the Court's orders. (ECF No. 2, PageID 19; ECF No. 5, PageID 37).  He has still failed to do so. Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation but has failed to address any of the deficiencies she has pointed out in the Deficiency Orders.  Thus, the Court will adopt the Report and Recommendation and dismiss this action.  *See Gravitt v. Tyszkiewicz,* 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of petitioner's habeas corpus matter for want of prosecution, where a "deficiency order clearly stated the documentation that must be submitted in order to apply to proceed *in forma pauperis*" and "expressly warned [petitioner] that failure to comply with the order would result in the dismissal of his case for want of prosecution").

### III.

For the reasons stated above, the Court **OVERRULES** Petitioner's Objection (ECF No. 9), **ADOPTS** the Report and Recommendation (ECF No. 8), and **DISMISSES** without prejudice this action for failure to prosecute.  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order and **CLOSE** this case.

IT IS SO ORDERED.

**7/26/2023**                                                     s/Edmund A. Sargus, Jr.
**DATE**                                                              **EDMUND A. SARGUS, JR.**
                                                                              **UNITED STATES DISTRICT JUDGE**